# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| WALTER HOWARD WHITE, | CASE NO. 1:07cv749-WQH-WMc |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| DERRAL G. ADAMS, Warden, | |
| Respondent. | |

HAYES, Judge:

On February 19, 2009, the Court issued an Order denying with prejudice Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and Judgment was entered. (Doc. # 27, 28).

On March 19, 2009, Petitioner, a state prisoner proceeding pro se, filed a Notice of Appeal. (Doc. # 29).

On June 7, 2010, the United States Court of Appeals for the Ninth Circuit issued an Order remanding this case to this Court "for the limited purpose of granting or denying a certificate of appealability." (Doc. # 35).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court

of Appeals for the Ninth Circuit has stated:

> [T]he issuance of a COA is not precluded where the petitioner cannot meet the standard to obtain a writ of habeas corpus. . . . This general principle reflects the fact that the COA requirement constitutes a gatekeeping mechanism that prevents [an appellate court] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [the appellate court] . . . of the potential merit of issues that may appear, at first glance, to lack merit.

*Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citing, *inter alia*, *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000) (a COA should issue unless the claims are "utterly without merit")). "[T]he district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)).

Although the Court denied Petitioner's habeas Petition, the Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments with respect to Petitioner's second ground for relief that "Petitioner was denied his due process rights to call witnesses/Investigative Employee at his prison disciplinary hearing," and Petitioner's third ground for relief that "Petitioner was denied his due process rights when prison officials failed to allow Petitioner to raise facts on appeal through the Inmate Appeals Process." (Answer, Ex. 4 at 4-5, Doc. # 17-3 (incorporated by reference in Petition for Writ of Habeas Corpus at 6, Doc. # 5); *see also* Order Denying Petition for Writ of Habeas Corpus at 9-12, Doc. # 27).

IT IS HEREBY ORDERED that a Certificate of Appealability is GRANTED.

DATED: June 11, 2010

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge